**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**THE AMERICAN AUTOMOBILE
ASSOCIATION, INC.**                                           **PLAINTIFF**

**VS.**                              **CIVIL ACTION NO.: 4:24-CV-37-DMB-DAS**

**AAA AUTO AND TIRE LLC d/b/a AAA AUTO AND TIRE
And/or AAA DISCOUNT TIRE AND AUTO,
BASHAR ALJUBARI AND ASAAD MUTHANA**        **DEFENDANTS**

**ORDER GRANTING MOTION TO COMPEL
AND REQURING DEFENDANTS TO SHOW CAUSE**

On December 5, 2024 the plaintiff, American Automobile Association, Inc., filed a motion to compel the defendants to respond to interrogatories and requests for production of documents. This discovery had been propounded on October 14, 2024. The defendants have filed no response in opposition to the motion and the time for doing so has expired. The defendants have not, per the docket in this action, served responses to the discovery since the filing of the motion. The motion is taken as confessed.

Each defendant shall fully respond to all requests for production and interrogatories, not later than January 9, 2025. All objections have been waived by the defendants' failure to timely respond to this discovery.

The defendants should be required to show cause, if any they can, why they should not be required to pay reasonable attorney fees and costs incurred by the plaintiff in pursuing this discovery, including the drafting and filing of the motion to compel.

Furthermore, the failure to provide responses to the written discovery is part of the defendants continuing failure to cooperate with discovery. While the defendants participated in

the discovery conference, they did not cooperate in the drafting of the case management order. On July 22, 2024, the defendant submitted a proposed case management order and served its pre-discovery disclosures.  In the case management order, the court allowed the parties fourteen days to provide their prediscovery disclosures, or until August 27, 2024.  The defendants did not provide the disclosures as ordered.

On September 13, 2024, the plaintiff requested a conference regarding the defendants' failure to provide initial disclosures and the court set a telephonic conference for September 19, 2024.  The defendants did not call in for the conference.  The court reset the conference for September 20, 2024, which was attended by counsel.  Counsel was instructed to urge his clients to cooperate in the process.  On September 29, 2024, the defendants made the required disclosures.

When the plaintiff was not able to engage the defendants in settlement negotiations, it served its written discovery on October 14.  No responses were served in the time allowed by the rules.  On November 19, 2024, the plaintiff contacted defendants about the overdue discovery. Defendants promised to deliver the discovery responses in five days.  The promised discovery was not delivered.

On November 25, 2024, the plaintiff sought a status conference as required by the local rules as a prerequisite to filing the motion to compel.  The court granted the  plaintiff leave to proceed with the motion to compel without a conference.  As noted, the defendants filed no response to the motion, nor have they served responses in the interim.  If the failure to cooperate in a timely and appropriate manner continues, the court will be compelled to consider other and more serious sanctions against these defendants, up to and including case dispositive sanctions.

**IT IS ORDERED** as follows:

1.  The defendants shall provide complete, executed responses to all propounded discovery not later than January 9, 2025.  The requested documents and other things shall be produced at the same time.  Because of the failure to timely respond, the defendants have waived all objections to the requested discovery.  No objections may be interposed to any of the requested discovery.

2.  The defendants shall show cause, if any they can, in writing, not later than January 16, 2025, why they should not be ordered to pay reasonable attorney fees and costs incurred in compelling this discovery.  The response shall be filed with the clerk of the court.

**SO ORDERED** this the 30th day of December, 2024.

> **/s/ David A. Sanders**
> **U.S. MAGISTRATE JUDGE**