**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**THE AMERICAN AUTOMOBILE**
**ASSOCIATION, INC.**                                                                 **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.: 4:24-CV-37-DMB-DAS**

**AAA AUTO AND TIRE LLC d/b/a AAA AUTO AND TIRE**
**And/or AAA DISCOUNT TIRE AND AUTO,**
**BASHAR ALJUBARI AND ASAAD MUTHANA**                           **DEFENDANTS**

## <u>ORDER</u>

At the request of the plaintiff, the court held a status conference to address the failure of the defendants to comply with the court's order compelling responses.  On December 30, 2024, the court ordered the defendants to provide both discovery responses to the plaintiff's interrogatories and requests for production, and to produce requested documents not later than January 9, 2025. The court required the defendants to show cause, not later than January 16, 2025, why they should not be sanctioned for their failure to provide any timely response to the plaintiff's discovery requests.  The defendants did not comply with any part of the order.

Since the entry of the court's order, the defendants have provided some documents indicating attempts to change their business name.   Today, after the status conference was noticed, a notice of service of responses to the request for production of documents to AAA Auto and Tire was filed with the court. None of the defendants responded to the interrogatories.  The two individual defendants have not responded to the requests for production of documents. Counsel for the defendants advised that one of the defendants had to leave the country to take care of a family member and requested a 30-day extension of time to complete responses as the

court ordered.  The defendants have wasted time, and there is no excuse for their failure to provide responses to discovery propounded on October 14, 2025.  This case is set for trial July 21, 2025.  The defendants' conduct makes it impossible for the court to grant the requested extension of time

The court will allow the defendants until February 3, 2025 in which to respond to the outstanding discovery requests.  All objections are waived.  All interrogatories shall be fully answered, executed by each defendant, and served on the plaintiff by that date.  The requests for production shall be answered by the same deadline, and all responsive documents produced concurrent with the responses to requests for production.  Failure to fully comply with this order will result in the imposition of additional sanctions, including monetary sanctions. The defendants are warned that the court will consider other sanctions, up to and including the striking of their answers and entry of a default judgments against them if there is further noncompliance with the order of the court.

Because the defendants failed to respond to the show cause order on sanctions, the court finds that monetary sanctions shall be granted against the defendant parties.  They shall be jointly and severally liable for the same.  Plaintiff's counsel shall submit an itemization of its billing in connection with the motion to compel, including pre-motion communications with defense counsel seeking discovery, compliance with the court's prefiling requirements, the drafting of the motion and brief, and other expenses and fees through the status conference.  The itemization shall be filed with the court not later than February 3, 2025. The defendants will have seven days from the filing of the itemization to make objections to the reasonableness of the itemization.  If there are objections, the plaintiff may reply in seven days.

Because of the pending trial date and the defendants' failure to abide by the court's order, the court must reset CMO deadlines.

**IT IS ORDERED,** as follows:

1.  The defendants shall serve executed, complete answers to all outstanding interrogatories not later than February 3, 2025. All objections are deemed waived.

2.  The defendants shall serve complete responses to the request for production of documents not later than February 3, 2025. All responsive documents shall be produced concurrent with the responses. All objections are deemed waived.

3.  The plaintiff is entitled to monetary sanctions for expenses and fees incurred in its attempt to obtain discovery. The plaintiff shall submit its billing for the incurred expenses and fees in connection with its efforts to obtain discovery, not later than February 3, 2025. The defendants may file objections within seven days of the filing, with the plaintiff entitled to file any reply seven days after the filing of any objection.

4.  The plaintiff's deadline for designation of experts is extended to February 24, 2025.

5.  The defendants' deadline for designation of experts is extended to March 10, 2025.

6.  All discovery shall be completed by March 17, 2025.

7.  All motions, including *Daubert* motions, shall be filed not later than March 24, 2025.

8.  No further extensions of time can be granted unless the trial of this action is continued.

**SO ORDERED** this the 24th day of January, 2025.


                                        /s/ David A. Sanders
                                        **U.S. MAGISTRATE JUDGE**